PHILIP FASSLER, APPELLANT, v. RUDOLPH STREIT ET AL., APPELLEES.

FILED DECEMBER 29, 1916. No. 19036.

1. **Equity:** SUIT FOR PURCHASE PRICE: EQUITABLE DEFENSE. In an action in equity to recover the remainder of the purchase price of land, the general rule that he who seeks equity must do equity applies, and the purchaser of the land may show any equity in his favor which will reduce the amount of the recovery.

2. **Pleading:** CONSTRUCTION. Doubtful language in a pleading will be construed against the pleader. The reply in this case amounts to an admission that the land in question was the homestead of the deceased owner and his family, and that an administrator's sale to pay debts of the deceased was invalid and not sufficient of itself to convey the interests of the heirs.

3. **Vendor and Purchaser:** ACTION: NOTICE: JUDGMENT. One who has conveyed land with covenants of title is entitled to notice and an opportunity to defend an action against his grantee contesting such title. But if he has notice of the pendency and character of the action, and fails to defend, he will be bound by the judgment therein.

4. ———: ———: OFFSET. In such case, if the judgment determines that parties contesting the title of the grantee under his deed have an interest in the land in derogation of the title guaranteed by the deed, and determines the value of that interest, the grantee in the deed may pay such adverse claim and offset the same against his unpaid purchase price of the land.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Bernard McNeny,* for appellant.

*L. H. Blackledge, contra.*

SEDGWICK, J.,

A former trial of this case in the district court for Webster county resulted in a judgment for the defendant. Upon appeal to this court the judgment was reversed, 92 Neb. 786. It was determined that the plaintiff was not an innocent holder of the note in suit under the law

of negotiable paper, and the cause was remanded to the district court for a trial of the alleged defense. Upon the second trial the judgment was again in favor of the defendant, and the plaintiff has appealed. The principal facts in the case are sufficiently stated in the former opinion. Several questions are now presented as to the sufficiency of the defense.

The question whether an action can be maintained for breach of a covenant of title in a deed before there has been an eviction is discussed in the briefs. That question frequently becomes of much importance, but does not seem to have any application in an action in equity to recover the balance of the purchase price of the land. In such action the general rule that the plaintiff in an action of equity must do equity applies with full force, and there can be no question that, in an action in equity to establish a lien upon land for the remainder of the purchase price, the purchaser may show any equity in his favor which will reduce the amount of recovery. The judgment hereinafter referred to in favor of the heirs of Paulson established such equity in favor of the defendant.

The defendant bought this land of Johnson for the agreed price of $1,800. He paid $500 cash, and the note and mortgage in this suit were given for the remainder of that agreed purchase price. Afterwards Streit paid $300 on the note. Johnson deeded the land to the defendant with a general covenant of title. Johnson derived his title through an administrator's deed. It is alleged by the defendant that the administrator's deed did not convey a complete title. He alleges the land was a homestead, and was not subject to sale for the debts of the deceased owner, and that some of the heirs of the deceased had brought and were prosecuting an action to establish their interest in the land. The question whether the land was a homestead and the administrator's sale was void is discussed in the briefs, but we do not regard that as an open question under the pleadings

and evidence in this case. The defendant alleged that the land was the homestead of the deceased, and the plaintiff in reply alleged that the widow and children "concluded to abandon said land and seek a home and living elsewhere, * * * their homestead right in said land was of no value," and other similar allegations, and while there was a formal denial of "the allegations in the first four paragraphs of section six of said answer except as herein admitted," which sections of the answer included the allegation of homestead, he admits "the ownership and occupancy of said land by Nels Paulson at the time stated." No act of selection of homestead is necessary, and an intention of removing from the land and seeking a homestead elsewhere will not divest the land of its homestead character before such removal is effected. Taken together with the other allegations in the reply, and this admission of ownership and occupancy at the time of his death, if it was intended to take issue upon the homestead character of the land, there should have been more specific allegations explaining how he owned and occupied it with his family and still the land was not a homestead. We must therefore consider under these issues that the land was a homestead, and that the administrator's sale for the payment of debts of the intestate was ineffectual to pass the title.

It is contended that Johnson was not a party to an action in which the interest of the heirs was determined, and that Johnson was a necessary party because that judgment would fix the amount of his liability for the breach of covenant in his deed. This contention of the plaintiff cannot be sustained. There is no doubt that Johnson was entitled to notice of the pendency of that action, and was entitled to an opportunity to defend it, but this he had. There was an attempt made to bring him into the action. A summons was issued against him, and he had other express notice of the pendency and character of the case which gave him an opportunity to appear and defend his interests in the case if he de-

sired to do so. This is all that was required. Johnson was at liberty to either appear and defend the case in his own interests, or to leave the defense to other parties interested. That action of the heirs was defended by the present defendant Streit, and was pending at the same time with the case at bar. Judgment was rendered therein in the district court before the first judgment was rendered in the case at bar, and the defendant in this case answered that he was intending and preparing to appeal to this court from the judgment in favor of the heirs. This defendant failed to perfect his appeal in that case, and, when this case was remanded to the district court, the suit of the heirs had been finally determined. It is alleged that the conduct of this defendant in failing to perfect his appeal from the judgment of the heirs was fraudulent, and that he purposely prevented Johnson and this plaintiff, as assignee of Johnson's mortgage, from contesting the claim of the heirs. But it does not appear that there was any legal defense against the claims of the heirs. In fact the contrary appears, since the land was the homestead of the deceased and his wife, and the administrator's sale could not convey the interest of the heirs to Johnson.

The judgment in favor of the four children of the decedent gave them a four-fifths interest in the land subject to their mother's life estate, so that, as to the four-fifths of the land, the title conveyed by Johnson to Streit entirely failed. The court in the case at bar found that the land, when the heirs obtained their judgment, was of the value of $4,000. It is not clear what the value of the mother's life estate was, but it evidently was not of great value. How much, then, should be deducted from $3,200, the value of four-fifths of the land, on account of the mother's life estate, is uncertain. The proceeds of the administrator's sale were used in payment of a mortgage placed upon this land by Nels Paulson and his wife. The defendant Streit was, by the decree of the court, subrogated to the right of the mort-

gagee in this mortgage, which was superior to the interest of the heirs in the land. This mortgage amounted to $1,200 when the interest of the heirs in the land was determined, and when the defendant Streit settled with these four heirs under the decree of the court he paid them $1,500 for their interest, which was, as we have said, subject to the $1,200 mortgage. On the theory that the value of their interest at that time was $2,700, this payment of $1,500 was the amount the heirs were entitled to. As we have said, it is difficult to tell the precise value of the interest of these heirs at that time, and we are not referred to any evidence in the record which tends to show that this was an unfair settlement. Defendant, then, was compelled to release the mortgage to which he was subrogated and pay $1,500 to perfect his title. His damage, because of failure of his title was $1,500 and unavoidable expenses which, together with the $1,500, amounted to more than the note and mortgage in suit. The trial court correctly canceled the note and mortgage.

The judgment of the district court, therefore, canceling the mortgage sued upon and quieting Streit's title to the land is sustained by the evidence, and is

AFFIRMED.

LETTON and FAWCETT, JJ., not sitting.